53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

**LATHAM & WATKINS LLP**

August 1, 2019

**By ECF and Email**

The Honorable Andrew L. Carter, Jr.
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:   *Huguelet et al. v. Maxim Inc. et al.*, No. 19 Civ. 4452 (ALC)
      <u>Defendants' Request for Pre-Motion Conference</u>

Dear Judge Carter:

We represent Defendants Maxim Inc. ("Maxim") and Biglari Holdings Inc. ("Biglari") in this matter. Pursuant to Rule 2(A) of your Honor's Individual Practices, we respectfully submit this letter to the Court to request a pre-motion conference to discuss a proposed motion to dismiss the Complaint. As set forth in more detail below, in the proposed motion we anticipate arguing that the plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim either under Michigan's Preservation of Personal Privacy Act ("PPPA"), M.C.L.A. § 445.1711 *et. seq* or for unjust enrichment.

Plaintiff is a Michigan resident who claims he subscribed to *Maxim* magazine while residing in the state. (Compl. ¶ 10.) Plaintiff alleges that Maxim disclosed his personal information to third-party companies, which in turn further disclosed the information to other third-party companies leading to Plaintiff's ultimate receipt of unwanted mail. (Compl. ¶ 1.) On this basis, Plaintiff asserts two claims against Maxim and Biglari: (i) violations of the PPPA, under § 2 (M.C.L.A. § 445.1712), and (ii) unjust enrichment. These claims cannot proceed against Biglari or Maxim for at least the following reasons, each independently sufficient to warrant dismissal.

**I.   The Court Lacks Personal Jurisdiction Over Biglari**

As a threshold matter, the Court does not have personal jurisdiction over Biglari.[1] As the party asserting claims, the plaintiff bears the burden to establish personal jurisdiction over each

---

[1] Plaintiff defined defendants Maxim and Biglari collectively as "Maxim" throughout the Complaint, making it impossible for a factfinder to distinguish which facts are alleged against each

defendant named in the action. *Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, 2014 U.S. Dist. LEXIS 108145, at *10 (S.D.N.Y. Aug. 4, 2014). "'Conclusory allegations lacking factual specificity . . . do not satisfy plaintiff's burden' of showing a prima facie case for exercising personal jurisdiction." *In re Lyondell Chem. Co.*, 543 B.R. 127, 137 n.28 (Bankr. S.D.N.Y. 2016) (quoting *Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F.Supp.2d 478, 487 (S.D.N.Y. 2011) (alterations in original). Plaintiff has not even attempted to meet—and cannot meet—his burden with respect to Biglari here.

Personal jurisdiction can take one of two forms—general or specific—each dependent on the defendant's degree of contact with the forum state. *In re Ski Train Fire In Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 729 (S.D.N.Y. 2003). General—or "all-purpose"—jurisdiction, the only plausible form of jurisdiction at issue based on Plaintiff's bare allegations, exists only where a defendant's "affiliations with the [forum] are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Biglari is neither incorporated nor has its principal place of business in New York—and Plaintiff does not allege otherwise. Plaintiff's bare allegations that "Defendants"—not Biglari— "conduct substantial business within New York" are entirely conclusory and fall far short of meeting the plaintiff's burden of establishing that Biglari is "essentially at home" in New York. (*See, e.g.*, Compl. ¶ 14.) Notably, Plaintiff does not make a single factual allegation specific to Biglari's conduct, separate from Maxim, in the entirety of the Complaint. Under this standard, Plaintiff's failure to allege any indicia of general jurisdiction are insufficient to establish a *prima facie* case of jurisdiction over Biglari in New York. N.Y. C.P.L.R. § 301.[2] Accordingly, the allegations do not demonstrate that the Court has personal jurisdiction over Biglari, and the Complaint should be dismissed on that basis.

---

distinct legal entity. (*See* Compl. ¶¶ 11-12.) But even assuming *arguendo* that all of the allegations relate to Biglari, which they could not possibly, Plaintiff's allegations do not establish personal jurisdiction. The Complaint does not allege that Biglari participated in the initial disclosure—or any subsequent sale—of Plaintiff's personal information. Nor does the Complaint allege that Biglari directed or had an agency relationship with Maxim. Rather, Plaintiff plainly contends that his personal information was disclosed in violation of the PPPA. (*See generally* Compl. ¶¶ 16-56.)

[2] Plaintiff's allegations are also insufficient to establish personal jurisdiction under a theory of specific jurisdiction under New York's long-arm statute. N.Y. C.P.L.R. § 302(a) permits a court to exercise specific jurisdiction over a non-domiciliary if two requirements are met: (1) the defendant must have transacted business within the state, and (2) the claim asserted must *arise from* that business activity. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt, LLC*, 450 F.3d 100,103 (2d Cir. 2006) (emphasis added). Plaintiff does not identify a single transaction specific to Biglari that even *suggests* contact with New York.

**LATHAM&WATKINS**LLP

## II. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted

### A. The PPPA Does Not Apply to Biglari

Even putting aside the above procedural barriers to suit, the Complaint should be dismissed because it fails to state a claim on which relief can be granted. The PPPA does not apply to Biglari at all. Under the plain language of the statute, the PPPA applies only to "a person, or an employee or agent of the person, engaged in the business of selling at retail . . . books or other written materials." PPPA § 2. Biglari does not sell magazines—and Plaintiff does not specifically allege otherwise.[3] Biglari is, therefore, outside of the statute's reach. The Complaint makes clear that Biglari and Maxim are distinct legal entities and parties. (Compl. ¶¶ 11, 12.) Even assuming *arguendo* that Biglari *is* Maxim, which Plaintiff has failed to allege, the Complaint is without any non-conclusory allegations that show how Biglari directly participated in either the sale of *Maxim* to Plaintiff (to bring Biglari within the PPPA's definitional restrictions) or the alleged disclosure of Plaintiff's personal information (to state a claim for a violation).

### B. Plaintiff Has Not Pled Sufficient Facts To Assert Claims Against Biglari or Maxim

Although a Complaint need only "contain sufficient factual matter" that is "plausible on its face," to survive scrutiny, Plaintiffs cannot meet this threshold burden. *See Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's sole support for its allegation that Maxim rented its subscribers' personal information during the Class Period is that Maxim may have engaged in similar transactions in June 2018—nearly two years after the alleged Class Period ended. (Compl. ¶ 2.) The Complaint is devoid of any non-conclusory claims about Maxim's business as it existed during the relevant time period. *See* Compl. ¶¶ 6–9, 43–48 (making specific allegations only about how Maxim operates *today*, not May through July of 2016). Plaintiff's assumption that Maxim's alleged conduct in June 2018 was consistent with earlier activities—without allegations to support such a pleading—is insufficient under the law. *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (a court should reject "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). As such, any claim of unjust enrichment or a violation of the PPPA based on Plaintiff's bald assertions—unsupported by any details involving the relevant time period—must fail as to both Biglari and Maxim.

### C. The Alleged Conduct Falls Within the PPPA's Statutory Exceptions

Even if the Court finds that the PPPA applies to both Maxim and Biglari, which it does not, Maxim and Biglari are excepted from liability under the plain language of the statute. The PPPA states in relevant part:

---

[3] *See supra* note 1.

LATHAM&WATKINS LLP

> A record or information described in section 2 may be disclosed . . . [i]f the disclosure is for the exclusive purpose of marketing goods and services directly to the consumer. The person disclosing the information shall inform the customer by written notice that the customer may remove his or her name at any time by written notice to the person disclosing the information.

M.C.L.A. § 445.1711(3)(d).  A masthead was featured on every issue of *Maxim* magazine, including those Plaintiff allegedly received and are therefore incorporated by reference in the Complaint.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[T]he court may nevertheless consider [a document extraneous to the complaint] where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") (internal quotation marks omitted).  The masthead clearly states "We sometimes make our subscriber list available to companies that sell goods and services by mail that we believe would interest our readers," and provides instructions for subscribers who wish to opt out of this arrangement.  This clear notice places Maxim's alleged conduct firmly within the PPPA's safe harbor, and vitiates Plaintiff's assertions that Maxim failed to provide written notice of disclosures.  (Compl. ¶¶ 10, 48, 70.).

For these and other reasons, Biglari and Maxim intend to move to dismiss the Complaint in its entirety and respectfully requests a pre-motion conference to address this matter.


Respectfully Submitted,


/s/ Christopher Clark
Christopher Clark

cc: All counsel of record (by ECF and Email)