**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/13/2020

| | |
|---|---|
| **PATRICK HUFFORD** and **JOHN WISBISKI**, *individually and on behalf of all others similarly situated*, <br><br> **Plaintiffs,** <br><br> -against- <br><br> **MAXIM INC.,** <br><br> **Defendants.** | 19-cv-04452-ALC-RWL <br><br> ORDER |

**ANDREW L. CARTER, JR., United States District Judge:**

WHEREAS, a class action is pending before the Court entitled *Hufford, et al. v. Maxim Inc.*, No. 1:19-cv-04452-ALC-RWL; and

WHEREAS, Plaintiffs Patrick Hufford and John Wisbiski and Defendant Maxim Inc., have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto; IT IS HEREBY ORDERED:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

3. The Court preliminarily concludes that the Settlement Agreement is fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court concludes that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e,g.*, whether Defendant unlawfully disclosed to third parties Plaintiffs' and the Settlement Class's Subscriber Information without consent in a manner that violated the Michigan Preservation of Personal Privacy Act, M.C.L. §§ 445.1712, *et al.* ("PPPA"), and whether Plaintiffs and the Settlement Class members are entitled to uniform statutory damages under the PPPA); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

4. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23.

5. The Court hereby preliminarily approves the Settlement Agreement, subject to the Final Approval Hearing. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> [A]ll Persons with a Michigan street address who subscribed directly to Maxim for receipt of a *Maxim* magazine to be delivered to a Michigan street address between May 15, 2016 and July 30, 2016.

6. For purposes of settlement only: (a) Bursor & Fisher, P.A. and Hedin Hall LLP are appointed Class Counsel for the Settlement Class; and (b) Patrick Hufford and John Wisbiski are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Patrick Hufford and John Wisbiski will adequately protect the interests of the Settlement Class defined below.

7. If the Settlement Agreement does not receive the Court's final approval, final approval is reversed on appeal, or the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Plan, Claim Form, and all forms of Notice to

the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, C, and D thereto, and finds that such Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

9. The Court approves the request for the appointment of JND Legal Administration as Settlement Administrator of the Settlement Agreement.

10. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via U.S. Mail and email in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

**Fee Award**

11. Class Counsel shall file papers in support of their Fee Award and Class Representatives' Service Awards (collectively, the "Fee Petition") with the Court on or before September 25, 2020. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before October 9, 2020. Class Counsel may file a reply in support of their Fee Petition with the Court on or before October 16, 2020. Papers

supporting the Fee Award shall be posted to the settlement website within three days of being filed with the Court.

**Requests for Exclusion from Class**

12. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class. Any such person may do so if, on or before the Objection/Exclusion Deadline of October 19, 2020, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, a statement that he or she was a direct subscriber to *Maxim* magazine, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

14. Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Submission of Unidentified Class Member Claims**

15. Members of the Class for whom the Settlement Administrator is unable to identify at least one postal address that is reasonably likely to reflect the current residence of such Settlement Class Member (if any) must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator on or before October 19, 2020.

**Objections**

16. Any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

17. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. Members of the Class may object on their own behalf, or may do so through separate counsel at their own expense.

18. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of October 19, 2020. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which

he or she claims to be a Settlement Class Member; a signature; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Southern District of New York Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

19. To be valid, objections must be filed with the Court and sent to the following: Class Counsel Philip L. Fraietta of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019 and Frank S. Hedin of Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140, Miami, FL 33131; and Defendant Maxim Inc.'s Counsel Nicholas L. McQuaid of Latham & Watkins, 885 Third Avenue, New York, NY 10022. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

20. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement, including (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement

Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of service awards to the Class Representatives.

21. Papers in support of final approval of the Settlement Agreement, including responses to any objection thereto, and any supplementation to the Fee Petition shall be filed with the Court on or before October 27, 2020. To the degree papers respond to objections, such responses should be served on the objecting class member or their counsel contemporaneously with filing with the Court.

**Final Approval Hearing**

22. The Final Approval Hearing shall be held before this Court on November 10, 2020 at 11:00 a.m. at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of service awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice of any such scheduling change to members of the Settlement Class. Further, in light of COVID-19, the Court may issue an order that the Final Approval Hearing be conducted telephonically.

23. Objectors to the proposed settlement may be heard at the Final Approval Hearing; however, no objector, besides for good cause shown, shall be heard and no papers or briefs submitted

will be accepted or considered by the Court unless the Objector has submitted a valid written objection consistent with the requirements of this Order.

**Further Matters**

24. All further proceedings in the Action are ordered stayed, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

26. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

**SO ORDERED.**

**Dated**:   August 13, 2020
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**

s